LACLEDE STEEL COMPANY, Petitioner, *v.* THE POLLUTION CONTROL BOARD, Respondent.

Fifth District   No. 73-278

Opinion filed April 5, 1976.

KARNS, P. J., specially concurring.

Lueders, Robertson & Konzen, of Granite City, and Lewis, Rice, Tucker, Allen & Chubb, of St. Louis, for petitioner.

William J. Scott, Attorney General, of Chicago (George William Wolff, Assistant Attorney General, of counsel), for respondent.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

This action involves a petition for judicial review of Illinois Pollution Control Board Regulation R72-2, which regulates permissible levels of sound emissions from stationary sources. Petitioners maintain this action under sections 29 and 41 of the Illinois Environmental Protection Act (Ill. Rev. Stat., ch. 111½, §§1029, 1041), providing for direct review in this court of regulations promulgated under the Act. As grounds for review, petitioners contend that the Illinois Pollution Control Board in adopting regulation R72—2 exceeded the authority delegated to it by the Environmental Protection Act and that the regulations are invalid as the Board failed to comply with section 27 of the Environmental Protection Act.

The issues in this case are controlled by our opinion in *Shell Oil Co. v. Pollution Control Board* (1976), 37 Ill. App. 3d 264, which has been filed concurrently with this opinion. That opinion held that the regulations in question are valid. Accordingly, the disputed regulations of the Pollution Control Board are affirmed.

Affirmed.

JONES, J., concurs.

264

Mr. PRESIDING JUSTICE KARNS, specially concurring:

I concur in the result reached by the court for the reasons discussed in my concurring opinion in *Shell Oil Co. v. Pollution Control Board* (1976), 37 Ill. App. 3d 264, filed this day. One of the problems I suggested is present here: petitioner did not participate in any of the 16 public hearings held throughout the State prior to the adoption of the rules it now seeks to attack. The public hearing record is silent as to how petitioner is "adversely affected or threatened" by these rules any more than any member of the general public.